OPINION OF THE COURT
Anthony J. Garramone, J.
The facts of the above case are as follows:
In July, 1981 the defendants were recruited by the plaintiffs to become distributors of Amway products. The plaintiffs had previously been recruited by persons known as C. & J. Christie; and together they would represent an organization representing the internal buying and selling of these products.
The entire program involved is much too detailed and involved, and need not be fully set forth herein. Briefly, it consists of persons recruiting each other in a scheme that involves supply from one group to various subgroups of Amway products which builds into a pyramid whereby various bonuses and points are accumulated as the pyramid grows.
What actually occurs is that the persons within the pyramid become the actual sellers and consumers of the product. Therefore, it is unnecessary to sell to others when each of these groups and subgroups are buying and selling the product amongst themselves.
Weaved within this product buy and sell scheme are incentives such as bonuses, pins known as the “believers pin”, the “silver inner circle pin”, vacations and “a diamond ring”, which became the subject of this particular action.
*67 In the case at bar, the court was presented with documents from the plaintiffs which attempted to prove to the court that after all the bonus adjustments, orders, and receipts from the defendants, less credits given to them,' the defendants were indebted to the plaintiffs in the sum of $731.
The defendants on the other hand attempted to show to the court that in fact they did not owe $731 but were entitled to $1,250 as a counterclaim. The defendants were woefully confused by the entire operation. They had no records, and for the most part relied upon the computer printouts of the plaintiffs, which would set forth products sold, credits received, bonuses, etc. The defendants had no records, but defendants did contend that they were being charged for items in these printouts that were never received by them. The defendants contended that they returned all items unused to the plaintiffs, including a diamond ring which they originally were told had a value of between $1,200 to $1,500 and for which they received a return credit of approximately $125.
The conclusion of the court is that the plaintiffs’ contract is unenforceable for the reason that transactions between plaintiffs and defendants amount to a pyramid scheme which the court will not enforce as being against the public policy of the State of New York.
The defendants cannot recover on their counterclaim for the same reason.
Action and counterclaim dismissed.